UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CIRON SPRINGFIELD,

    Plaintiff,

v.

G. MARSHALL, et al.,

    Defendants.

No. 2:18-cv-1073-EFB P

ORDER AND FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On April 24, 2019, the court determined that, for screening purposes, plaintiff had stated potentially cognizable First Amendment claims for retaliation against defendants Marshall, Neel, Craig, Polich, and Moran.[1] ECF No. 5. Service has been directed for these defendants (ECF No. 9), but they have yet to respond to the complaint. Pending before the court, however, is plaintiff's motion for preliminary injunction. ECF No. 11. By order of the court, the Office of the Attorney General has entered a special appearance on behalf the California Department of Corrections and Rehabilitation ("CDCR") and filed a response to the motion. ECF No. 14. For the reasons stated hereafter, it must be denied.

---

[1] These defendants allegedly hold positions at various prisons throughout the State. Defendant Marshall is employed as a correctional lieutenant at California State Prison ("CSP"), Los Angeles County ("LAC"). ECF No. 1 at 5. Defendant Neel is employed as a correctional counselor at the California Health Care Facility in Stockton. *Id.* Defendants Craig and Polich are employed as correctional counselors at CSP-Sacramento. *Id.* Defendant Moran is employed as a correctional counselor at the California Medical Facility ("CMF") in Vacaville.

1

Legal Standard

A preliminary injunction represents the exercise of a far-reaching power not to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964). To be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)). The Ninth Circuit has also held that the "sliding scale" approach it applies to preliminary injunctions—that is, balancing the elements of the preliminary injunction test, so that a stronger showing of one element may offset a weaker showing of another—survives *Winter* and continues to be valid. *Alliance for the Wild Rockies v. Cottrell*, 622 F.3d 1045, 1050 (9th Cir. 2010). "In other words, 'serious questions going to the merits,' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.*

Analysis

This case proceeds on plaintiff's claims that he was retaliated against after filing grievances against defendant Marshall. ECF No. 1. Plaintiff claims that Marshall and defendant Neel created a false "enemy" for plaintiff at CSP-LAC. *Id.* at 6-7. This allegedly resulted in plaintiff's placement at CMF, which is a less desirable prison to plaintiff. *Id.* Defendant Moran allegedly refused to return plaintiff to CSP-LAC even though plaintiff provided proof that he had no enemy there, stating that plaintiff had been "messing with the wrong people." *Id.* at 9. In addition, defendants Craig and Polich allegedly told plaintiff that he had to withdraw a grievance if he wanted to be returned to CSP-LAC and intimidated plaintiff into doing so. *Id.* at 9-11.

By way of his motion, plaintiff claims that because of ongoing retaliation, he is not receiving the serious mental health treatment that he needs. *See generally* ECF No. 11. He asks the court to order the defendants and those acting in concert with them to stop retaliating against him and to provide him with emergency access to mental health treatment. *Id.* at 4. Defendants' response to the motion for a preliminary injunction includes a declaration from L. Domingo, the

Executive Director of the Psychiatric Inpatient Program ("PIP") at the California Medical Facility, where plaintiff is currently housed. ECF No. 14-1. Domingo states that plaintiff has been properly grouped into the Intermediate Care Facility in the PIP since October of 2008. *Id.* ¶¶ 3, 5. Domingo adds that if or when plaintiff expresses suicidal ideations, he is placed on suicidal precaution (assessed for safety every fifteen minutes), and if he is deemed by a mental health clinician to be an imminent danger to himself, he is placed on one-to-one observation. *Id.* ¶ 5. He is seen by his clinician once a week and offered group therapy treatment daily. *Id.* Plaintiff's belief that these options are insufficient to meet his mental health needs is simply not enough to warrant the requested injunctive relief. As plaintiff has failed to demonstrate that he is likely to suffer irreparable harm in the absence of such relief, his motion must be denied.

<u>Conclusion</u>

Accordingly, it is ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

Further, it is RECOMMENDED that plaintiff's motion for preliminary injunction (ECF No. 11) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 13, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE